## CHALABAIS v. STATE OF INDIANA.

[No. 24,663.   Filed October 15, 1924.]

1. CRIMINAL LAW.—*Verdict.*—*Motion for Venire de Novo Properly Overruled.*—Upon a charge of felonious attempt to commit a violent injury by shooting with a gun with intent to kill and murder, a verdict of "guilty of felonious assault on F. as charged in the affidavit" amounts to a finding of "guilty as charged in the affidavit," and the fact that the offense was not accurately described by the other words in the verdict was not material.   p. 262.

2. HOMICIDE.—*Sufficiency of Evidence.*—Evidence that a deputy sheriff, the prosecuting witness, chased two men, one of them the appellant, both of whom he was seeking to arrest for a liquor violation, into a corn field; that when he was about to catch one of them, that one fired at him at close range so that he was able by the flash to distinguish his assailant as the other of the two; that at about the same time another shot was fired at him from a distance of ten or twelve feet beyond, is not sufficient to prove appellant guilty of assault with intent to murder, even though there was evidence that appellant had at one time purchased a gun, and had at one time had a gun in his car; there being no evidence that he had a gun at this time, or that any one had seen him fire the shot.   p. 262.

From Porter Circuit Court; *H. H. Loring,* Judge.

George Chalabais was convicted of assault, and he appeals. *Reversed.*

*Sheehan, Lyddick & Sharavsky,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—The charge against appellant was that on August 21, 1923, in the county of Porter and State of Indiana, he unlawfully and feloniously attempted to commit a violent injury upon the person of William B. Forney, which injury he had the present ability to commit, by unlawfully and feloniously shooting at the said William B. Forney with a certain gun loaded with gunpowder and leaden shot, with intent thereby to kill and murder him. To this charge he pleaded not guilty. The jury found appellant "guilty of felonious assault on William B. Forney as charged in the affidavit." Appellant's motion for a *venire de novo* was prop-

1. erly overruled. This amounted to a finding of "guilty . . . as charged in the affidavit," and the fact that the offense was not accurately described by the other words used in the verdict was not material. For while "felonious assault" might not necessarily mean an assault with intent to commit a felony, we think that when considered in connection with the offense charged the use of that expression does not make the meaning of the verdict doubtful.

The motion for a new trial challenged the sufficiency of the evidence. There was evidence that with a man employed to drive back the car, appellant and two

2. others drove from their home in Gary, Indiana, to a farm some miles away in another county, where a still in a "bank cellar" or "cave" near the farm house, and quantities of "mash," with other facts,

indicated that somebody had been making whisky. They took a number of jugs along, which had contained "white mule" whisky. The house was about thirty rods back from the highway, and the car was stopped out in the road, where appellant and two companions got out, with the jugs and some gasoline, and the driver took the car back to Gary. That the three men with the jugs walked down to a fence of two or three loose wires near the house and one of them started to crawl between the wires, when the sheriff and one of his deputies ran from behind an outbuilding and seized him. That the other two men dropped their jugs and ran back toward the highway, followed by another deputy sheriff, William B. Forney, the fence being between him and them. That the two men turned and ran into the standing corn, when Forney crawled through the fence, shot at them, and chased them across the corn rows until he almost caught one of them. That this man fired a shot almost in Forney's face, and the flash lighted up his own face so that Forney saw it plainly, and testified that he was one of appellant's companions, named Zitko. That this shot struck Forney in the top of the head and made a slight wound. That two shots were fired besides the one fired by Forney. That the first shot was fired by somebody ten or twelve feet away from Forney, in the corn, but no witness saw who fired it, and afterward Forney ran about 135 feet before he caught up with Zitko, when the last shot was fired. Defendant ran through the corn to the creek and swam across, after which he walked to the next highway and was picked up by a passing automobile, and rode back to Gary.

It appeared that appellant was afterward convicted of violating the prohibition law because of what he did that night, and that Zitko pleaded guilty to the charge of shooting at Forney, besides being positively identified

by Forney as the one who shot him.  A witness stated on cross-examination that he sold appellant a gun, neither the time when it was sold nor the kind of gun being stated.  And the man who drove the car testified that at some time not stated before that night he had seen a gun in a pocket of appellant's car, but did not see any that night.  But nobody testified that appellant fired a shot, or that he was at the place from which a shot was fired, or that he had a gun of any kind with which he could have fired one.  Defendant testified that he had nothing with which to shoot and that he was running away through the corn, some distance ahead of Zitko, when he heard the shots, and that he kept on running.

That appellant was guilty of violating the law may be granted, and it appeared that he had been convicted and had paid a fine for a misdemeanor.  But the question is whether or not this evidence was sufficient to prove him guilty of the felony for which he was on trial.  We think not.  The mere facts that he ran into the corn with another man who was shown to have been armed and to have shot at Forney, and that some unidentified person in the corn fired a shot which "missed" Forney, with proof that at some unnamed time appellant had purchased a "gun," and that at some unnamed time before that night there was a "gun" in his car were not sufficient to support an inference that he shot at Forney with the felonious intent to kill and murder him.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

The clerk will issue the proper order for the return of the prisoner to the custody of the Sheriff of Porter county for attendance upon such new trial.